IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATHAN DEAN ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-484-HE |
| | ) | |
| JOHN WHETSEL, Oklahoma County | ) | |
| Sheriff, BYRON COLLINS, Oklahoma | ) | |
| County Detention Center Officer, | ) | |
| OKLAHOMA COUNTY DETENTION | ) | |
| CENTER STAFF PERSONNEL, | ) | |
| ARMARK FOOD SERVICE INC., | ) | |
| OKLAHOMA COUNTY PUBLIC | ) | |
| DEFENDER'S OFFICE, and BO (BEAU) | ) | |
| PHILLIPS, Oklahoma County | ) | |
| Public Defender, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by Chief United States District Judge Joe Heaton for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Three motions are pending: (1) Plaintiff has moved for appointment of counsel [Doc. No. 27]; (2) Defendant Phillips and the Oklahoma County Public Defender's Office (OCPDO) have filed a joint motion for dismissal of the claims against them [Doc. No. 30]; and. (3) Defendant Whetsel has also moved for dismissal of the claims against him [Doc. No. 36]. These motions to dismiss should be granted. In view of the recommended disposition of this case, Petitioner's motion for appointment of counsel should be denied. The claims against Defendants Oklahoma County Detention Center Staff Personnel and Armark Food Services, Inc. (Armark) are subject

to dismissal on screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Plaintiff has failed to serve Defendant Byron Collins, but Plaintiff has been given the opportunity to show cause why Defendant Collins has not been served and why the claims against him should not be dismissed on this ground. [Doc. No. 41]. The time granted Plaintiff to respond to the show cause order has not yet run. Therefore, the claims against Defendant Collins remain before the court.

Finally, to the extent Petitioner is attempting to assert state law claims against Defendants, it is recommended that the Court decline to exercise supplemental jurisdiction.

## I. BACKGROUND AND CLAIMS ASSERTED

### A. Factual Background

Plaintiff's complaints arise from an incident that occurred while he was incarcerated in the Oklahoma County Detention Center (OCDC), possibly as a pretrial detainee. Plaintiff describes the nature of his case as follows:[1]

> In June of last year I had problems inmates trying to take my religious- diet meal. Which I might add is protected by state and federaly by U.S. Const. under free expression, free exersize, religious belief law. Spiritual or even non-religion.
>
> On 6. 24. 2015, @ Breakfast let Inmate Maundray Martin in my cell (cell 2c #22) to return the meal he was gonna allow him to take. After I/m returned my meal, he punched me (1) in the face. I/m leaves cell and rather than shut and secure door, Officer B. Collins let him re-enter cell. I remain silent to get them to leave. They do and finish serving breakfast. Shortly after Officer Collins leaves work for the day and I get pulled for court.
>
> @ court, Judge G. Jones courtroom, I try to bring attention to my public defender what happen. He ignores me and I return to the Okla. Co. Jail.

---

[1] Quotations from the Complaint are verbatim.

> The entire days passed now, Officer Collins is back at work. Comes to my cell, open door and tells me he's moving me to separate I/m and myself from what happen that morning. He moves me from 2c #22 to 2c #42. I/m Maundray Martin in 2c #1 out both recreations. The moves bogus.
>
> After he moves me he releases Maundray Martin and myself back on pod together unattended. I/m tries to get me to fight I refuse and before lockdown comes I'm stabbed 2 in face by another Inmate.
>
> Note: After being stebbed officer Marler had me at medical look'd me up on computer and ask: Mr. Alexander, what are you doing in #42? You should be in #22! Sgt Marler knew nothing of what happen that morning and Officer Collins never made the move look liget on computer. This leads me to believe Officer Collins and Maundray Martin premeditated this that morning. If it was a S.O.P move and Sgt Marler knew nothing of it … Officer Collins Commanding officer … Hmmm?

[Doc. No. 1] at 3-4.

**B.    Claims Asserted in Complaint**

Count I, is entitled, "Robbery." Under the "Supporting Facts" section of his Complaint, Plaintiff has written, "Officer Collins allowing inmates to take my food." [Doc. No. 1] at 5.

Count II is entitled, "Indangerment." The "Supporting Facts" are, "Officer Collins let Inmate in my cell and after seeing I/m assault me he let I/m re enter cell. Note: I/m didn't lose orderly job." *Id.*

Count III is entitled, "Malpractice." The "Supporting Facts" are, "public defender ignoring me and never giving me a chance to tell him what happened." [Doc. No. 1] at 7.

Count IV is entitled, "Indangerment." The "Supporting Facts" are, "After seeing what happen that morning Officer Collins failed to separate myself and released Maundray Martin and myself on unit together unsupervised. (I/m tried to get me to fight again)." [Doc. No. 1] at 6.

Count V is entitled, "Indangerment with injury." The "Supporting Facts" are, "After I refused to fight Maundray Martin tries to get me to fight and refused. Officer Collins came back

3

in to lockdown unit and befor I get to my new housing assignment and befor I get there I'm stabbed 2 in face by another Inmate who names uncertain." *Id.*

Count VI is entitled, "Malpractice." The "Supporting Facts" are:

> After things that took place, I was left on unit with all involved forcing me to refuse recreation to protect myself. Note: I feel that what took place later in the day was premeditated by Officer Collins and Maundray Martin after they left unit at breakfast. When Officer Collins came back to work, He eagerly moved me from 2c#22 to 2c#42. I say that because he made the nurse wait while he moved me. He moves me Into segregated housing and shortly after he did so released the guy I was being seperates from on pod together. Also I feel It was a hate crime because all involved were black including Officer Collins.

*Id*.

## II.  MOTIONS TO DISMISS

Defendants Beau Phillips and the OCPDO have filed a joint Motion to Dismiss. [Doc. No. 30]. Defendant Whetsel has filed a separate Motion to Dismiss. [Doc. No. 36]. For the reasons set forth below, both of these motions should be granted and the claims dismissed without prejudice.

### A.  Standard of Review

The standard of review for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and the subsequent decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 678-79 (*quoting Twombly*, 550 U.S. at 555) (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).

**B.     Motion to Dismiss of Defendants Beau Phillips and the OCPDO**

Count III of Plaintiff's Complaint alleges Defendant Phillips committed "malpractice" by refusing to listen to Plaintiff's allegations regarding the alleged unconstitutional conditions of his confinement. Plaintiff states that during a court appearance, he attempted to tell Defendant Phillips about the assault. According to Plaintiff, Defendant Phillips' failure to listen to Plaintiff's complaints led to "what later happen." [Doc. No. 1] at 7. However, Defendant Phillips is not a proper party to this suit as he was not acting under color of state law.

"To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The traditional definition of "acting under color of state law" requires the defendant in a § 1983 action to have exercised, or failed to exercise, some power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49.

It is well settled, however, that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Public defenders appointed by a court do not act "under color of state law" when representing defendants because they are not acting on behalf of the state but are, rather, adversaries of the state. *See West* at 50. Moreover, Plaintiff's public defender was not vested under state law with the duty, authority or power to challenge or correct the conditions of Plaintiff's confinement.

The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). This jurisdictional requirement "furthers the fundamental goals of preserving an area of individual freedom by limiting the reach of federal law ... and avoiding imposing on the state, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Id.* Accordingly, at a base level, to find that an action was taken under color of state law, the court must find that "'the conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The alleged unconstitutional conditions of

Plaintiff's confinement in the OCDC are not fairly attributable to his public defender; Defendant Phillips was appointed for the sole purpose of defending Plaintiff in his criminal case. What is more, Plaintiff does not specify what role the OCPDO played in the alleged assault or explain why he thinks the OCPDO should be held responsible. For the same reasons Defendant Phillips is not a proper party to this case, Defendant OCPDO is also not a proper party to this case. No employees or supervisors of OCPDO acted under color of state law. Additionally, even government officials who could be said to act under color of state law may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *See* discussion *infra*.

    **C.**    **Defendant Whetsel's Motion To Dismiss**

Plaintiff's sole allegation against Defendant Whetsel is that he "knew or should have known he was violating my state and constitutional rights[.]" [Doc. No. 1] at 2. But none of the counts in Plaintiff's Complaint includes facts demonstrating Defendant Whetsel was personally involved in any of the alleged constitutional violations. Counts 1, 2, 4 and 5 all contain allegations against Defendant Collins. Count 3 alleges Defendant Phillips committed "malpractice." Count 6 also alleges "malpractice," this time against Defendant Collins.

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal* at 676. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *See also Robertson v. Sichel*, 127 U.S. 507, 515–516 (1888) ("A public officer or agent is not responsible for the misfeasances or position

7

wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties.").

Because Plaintiff's Complaint contains no factual allegations demonstrating that Defendant Whetsel was personally involved in the alleged constitutional violations, Defendant Whetsel's motion to dismiss should be granted.

## IV. SCREENING OF CLAIMS AGAINST DEFENDANTS OKLAHOMA COUNTY DETENTION CENTER STAFF PERSONNEL AND ARMARK FOOD SERVICE INC.

The claims against these Defendants should be dismissed on screening for failure to state a claim upon which relief may be granted.

### A. Standard of Review Governing Screening of Prisoner's Complaints

The court has a duty to screen a complaint in a civil action wherein a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. The court must dismiss any portion of the complaint that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(ii) (pertaining to actions brought in forma pauperis).

The court's review of a complaint under §§ 1915A(b)(2) and 1915(e)(2)(B)(ii) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 678.

As discussed above, a pro se plaintiff's complaint must be broadly construed under this standard, *Erickson* 551 U.S. at 94, *Haines*, 404 U.S. at 520, but the generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall* 935 F.2d at 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

### B. Defendants Oklahoma County Detention Center Staff Personnel

Plaintiff has neither identified the personnel he is suing, nor has he linked any of the alleged constitutional violations to any employee other than Defendant Collins. Because Plaintiff has not alleged any facts on which a recognized legal claim could be based, the claims against the unidentified employees of the OCDC should be dismissed.

If Plaintiff intended to sue the correctional facility itself, those claims should also be dismissed. A correctional facility is not a legal entity subject to suit. Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is located. In Oklahoma, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1. A county's board of county commissioners is vested with the authority to sue or to defend a suit, Okla. Stat. tit. 19, § 3, and a lawsuit brought against a county must be filed against the board of county commissioners of the relevant county. Okla. Stat. tit. 19, § 4. A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law, and therefore OCDC cannot be sued in this § 1983 action. *See Lindsey v. Thomson*, 275 Fed. Appx. 744, 747 (10th Cir. Sept. 10, 2007)

(unpublished op.) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *White v. Utah*, 5 Fed. Appx. 852, 853 (10th Cir. March 1, 2001) (unpublished op.) (affirming dismissal of county jail; although applicable state law provided that county may sue or be sued, no state law supported directing a cause of action directly against a county's subdivisions, including its jails); *Aston v. Cunningham*, No. 99 4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that a detention facility is not a person or legally created entity capable of being sued); *Reid v. Hamby*, No. 95-7142, 1997 WL 537909 at * 6 (10th Cir. Sept. 2, 1997) (unpublished op.) (holding that an Oklahoma sheriff's department is not a proper entity for purposes of a § 1983 suit). Accordingly, Plaintiff's Complaint against OCDC and OCDC personnel should be dismissed.

### B. Claims against Defendant Armark Food Services, Inc.

Plaintiff's Complaint does not mention Defendant Armark other than in the caption of the case. Plaintiff states an inmate took one of Plaintiff's religious meals in violation of his First Amendment rights. He does not, however, allege any facts suggesting Defendant Armark was in any way involved in or responsible for the incident. Assuming that providing food services to prisons under contract with the state makes Defendant Armark a "state actor" for purposes of 42 U.S.C. § 1983, Plaintiff has nevertheless failed to state a claim upon which relief may be granted. *See Iqbal* at 679 (legal conclusions can provide the framework of a complaint, but they must be supported by factual allegations). Accordingly, the claims against this defendant should be dismissed on screening.

### C. Pendent State Law Claims

Plaintiff states, without specificity, that defendants have also violated his rights under state laws or perhaps the Oklahoma State Constitution. [Doc. No. 1] at 3. As discussed above, claims against all defendants should be dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Therefore, if the Court adopts the current recommendation, it is recommended that supplemental jurisdiction be declined over Plaintiff's state law claims and that those claims be dismissed without prejudice.

### RECOMMENDATION

The motions to dismiss submitted by Defendant Phillips and the Oklahoma County Public Defender's Office [Doc. No. 30] and Defendant Whetsel [Doc. No. 36] should be granted, as Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's claims against Oklahoma Detention Center Staff Personnel and Armark Food Service, Inc. should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state any claims upon which relief may be granted. If this Report and Recommendation is adopted, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims, too, should be dismissed without prejudice. Plaintiff's motion for appointment of counsel [Doc. No. 27] should be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 30th day of June, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this 9th day of June, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE