IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATHAN DEAN ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-484-HE |
| | ) | |
| JOHN WHETSEL, Oklahoma County | ) | |
| Sheriff, BYRON COLLINS, Oklahoma | ) | |
| County Detention Center Officer, | ) | |
| OKLAHOMA COUNTY DETENTION | ) | |
| CENTER STAFF PERSONNEL, | ) | |
| ARMARK FOOD SERVICE INC., | ) | |
| OKLAHOMA COUNTY PUBLIC | ) | |
| DEFENDER'S OFFICE, and BO (BEAU) | ) | |
| PHILLIPS, Oklahoma County | ) | |
| Public Defender, | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, Nathan Dean Alexander, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been re-referred by Chief United States District Judge Joe Heaton for further proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

### I. BACKGROUND

Plaintiff's complaints arise from an incident that occurred while he was incarcerated in the Oklahoma County Detention Center (OCDC), possibly as a pretrial detainee. On June 9, 2016, the undersigned Magistrate Judge filed a Report and Recommendation [Doc. No. 42] recommending that the claims against all defendants, save for Defendant Byron Collins, who had not been served with process, be dismissed for failure to state a claim upon which relief may be granted. The undersigned Magistrate Judge also entered an Order to Show Cause [Doc. No. 41]

directing Plaintiff to state why his claims against Defendant Collins should not be dismissed for failure to effect service on this defendant within the 120 days then allowed under Fed. R. Civ. P. 4. The District Court adopted the Report and Recommendation. [Doc. No. 47].

Plaintiff responded to the Order to Show Cause, [Doc. No. 44], stating that Defendant Collins no longer worked for the Oklahoma County Sheriff's Office, and the summons sent there had been returned unexecuted. Plaintiff stated he has been unable to locate Defendant Collins.

On July 21, 2016, the undersigned sua sponte granted Plaintiff an additional forty-five days to serve Defendant Collins. To date, Plaintiff has neither offered proof of service nor, apparently, has he taken any further measures to locate and serve Defendant Collins.

## II. ANALYSIS

Plaintiff has failed to serve Defendant Collins, and he has not requested additional time in which to do so. Rule 4(m) provides the time limitation within which service of process must be executed. At the time Plaintiff filed his Complaint, the time limitation was 120 days. Rule 4(m) provides that a district court must extend the time for service if a plaintiff shows good cause. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (holding that, upon a showing of good cause, rule 4(m)'s exception is mandatory). Furthermore, "if the plaintiff fails to show good cause, the district court must still consider whether a permissible extension of time may be warranted. At that point the district court may, in its discretion, either dismiss the case without prejudice or extend the time for service." *Id.* at 841.

Although he is proceeding pro se, Plaintiff is responsible for serving each Defendant with a summons and a copy of the complaint within the allotted time period. *See* Fed. R. Civ. P. 4(c)(1), (m); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (holding that even when a litigant appears pro se, he is "obligated to follow the requirements of Fed. R. Civ. P. 4").

As discussed above, Plaintiff has failed to do so. During the past forty-five days, Plaintiff has made no attempt to demonstrate good cause for his failure to timely serve Defendant Collins, nor has he attempted to obtain a mandatory extension of time for service. *See* Fed. R. Civ. P. 4(m).

Despite Plaintiff's failure, however, "the district court must still consider whether a [second] permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). In so doing, the Court considers three factors.

First, the Court considers whether the statute of limitations would bar the action if it were refiled. *See id.* at 842. Defendant Collin's earliest alleged liability stems from an incident occurring in June 2015. [Doc. No. 1] at 3-4. Oklahoma's two-year statute of limitations applies to Plaintiff's claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), abrogated on other grounds by *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013); *see also* Okla. Stat. tit. 12, § 95(A)(3); *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) ("In a § 1983 action, state law governs issues regarding the statute of limitations and tolling . . . ."). Because Plaintiff's action would not be barred by the statute of limitations, this factor weighs against a second permissive extension of time for service.

Second, the Court considers whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. This factor is inapplicable to the circumstances in this case.

Third, as to pro se litigants, "[t]he district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Id.* at 842 n. 8 (quotation omitted). In this case, the undersigned has discerned no policy consideration that would justify granting Plaintiff a second permissive extension of time to serve Defendant Collins.

Considering the applicable law and the facts of this case, the undersigned finds that a permissive extension of time for service of process on Defendant Collins is not warranted.

As Plaintiff failed to serve Defendant Collins within the allotted time period, the Court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). Accordingly, it is recommended that the claims against Defendant Collins be dismissed without prejudice.

## RECOMMENDATION

It is recommended that the claims against Defendant Collins in the Complaint, [Doc. No. 1], be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 11th day of October, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the Chief District Judge in this matter.

ENTERED this 20th day of September 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE